UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

DOLPHIN MALL ASSOCIATES, LLC,
a Delaware limited liability company,

      Plaintiff,

vs.

GROUP USA, INC., a New Jersey corporation,

      Defendant.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff DOLPHIN MALL ASSOCIATES, LLC ("Plaintiff" or "Landlord") sues Defendant GROUP USA, INC. ("Defendant" or "Tenant") and alleges:

## JURISDICTION AND VENUE

1.     This is an action seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the value of $75,000 and is between citizens of different states.

2.     Venue is proper with this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this district and the leasehold property that is the subject of this action is situated in this district.  Furthermore, the Lease between the parties sets exclusive venue in Miami-Dade County, Florida.

3.     Plaintiff is a Delaware limited liability company doing substantial business in Miami-Dade County, Florida.  Its sole member is a Delaware limited partnership.  Plaintiff is the

owner and Landlord of certain property in Miami-Dade County, Florida commonly known as Dolphin Mall. It is the successor in interest as Landlord to Michael Swerdlow, Trustee.

4.      Defendant is a New Jersey corporation doing substantial business in Miami-Dade County, Florida. Defendant is a Tenant at Dolphin Mall. It occupies space pursuant to a written Lease where it conducts business in the name of Group USA, Inc. A true and correct copy of the Lease between the parties is attached hereto as Exhibit 1.

5.      Pursuant to the provisions of the Lease, its term is 120 months (10 years) from and after the Rent Commencement Date, which is triggered by, among other things, Defendant opening for business with the public. Defendant opened for business with the public on March 1, 2001. Pursuant to Section 4.1 of the Lease, therefore, the term of the Lease expires February 28, 2011. In a Tenant Estoppel Certificate dated October 10, 2007, that it issued to Plaintiff, Defendant expressly confirmed its understanding and agreement that the Lease expires on February 28, 2011. A true and correct copy of the Tenant Estoppel Certificate is attached hereto as Exhibit 2.

6.      Pursuant to Section 4.2 of the Lease, the Tenant had the option to renew and extend the term of the Lease beyond the Original Term. In order to extend the Lease beyond the Original Term, the Tenant was required to provide timely written notice to the Landlord. Specifically, the Lease provides:

> "…Written notice to extend the term of the Lease must be delivered by Tenant to Landlord at least one (1) year prior to the expiration date of the then current term of this Lease…. Failure of Tenant to exercise its option to extend for any Option Term within the time frame and in the manner provided shall render such option and all subsequent options null and void and of no further force or effect."

2

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

7.      Defendant failed to exercise its option to extend the Lease beyond the Original Term.  Had Defendant wanted to extend the term of the Lease, it was obligated to have done so on or before February 28, 2010.

8.      On July 7, 2010, more than four months after Defendant's option to extend the Original Term of the Lease had expired, Defendant purported to exercise the expired option, notwithstanding the fact that said option was, pursuant to the Lease, "null and void and of no further force or effect."

9.      Although Defendant expressly acknowledged in writing that it had failed to exercise its option to extend the Original Term of the Lease, it hired an attorney who, on July 23, 2010, sent a letter claiming that the "Tenant's failure to give timely notice of its intention to renew the Lease was … a mistake."  A true and correct copy of the July 23 letter is attached hereto as Exhibit 3.  In that letter, Defendant's attorney claims that his client's "mistake" in failing to exercise its option by February 28, 2010 should be forgiven because the Tenant now wanted to exercise that "option".  The letter demanded a response and threatened legal action if Plaintiff did not capitulate to Defendant's more than four month delinquent effort to exercise the "option".

10.     The letter from Defendant's lawyer also claimed that the admitted failure to exercise the option "does not justify the termination of the Lease by Landlord."  At no time, however, has Plaintiff terminated the Lease.  Indeed, the Lease remains in full force and effect for the balance of the Original Term, i.e., through February 28, 2011.

11.     A controversy currently exists between the parties as to the applicable termination date of the Lease.  Defendant claims the right to exercise an option to extend the Lease more than four months after the option expired and was, by its own terms, rendered null and void.

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

Plaintiff maintains that the option expired on February 28, 2010, cannot be exercised more than four months later, and that it would be prejudiced by Defendant's position. Accordingly, due to the existence of the real and justiciable issue between the parties, Plaintiff is in need of a declaratory decree pursuant to 28 U.S.C. §§ 2201 and 2202 as to its right under the Lease to retake possession of the premises when the Original Term expires on February 28, 2011.

12.     Plaintiff has been required to retain counsel to enforce the provisions of the Lease. Pursuant to Section 29 of the Lease, the prevailing party is entitled to recover its reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays that the Court take jurisdiction over the parties and subject matter hereto, and provide relief as follows:

a.     Declaring the rights of Plaintiff to the Leased premises on February 28, 2011 based upon expiration of the Original Term;

b.     Declaring that Defendant has no right to extend the Original Term of the Lease due to its failure to exercise the option on or before February 28, 2010; and,

c.     Entering such other orders as may be appropriate and awarding Plaintiff its reasonable attorney's fees and costs.

Dated:  August 6, 2010.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com        www.coffeyburlington.com

Respectfully submitted,

Robert K. Burlington, Florida Bar No. 261882
rburlington@coffeyburlington.com
Daniel F. Blonsky, Florida Bar No. 972169
dblonsky@coffeyburlington.com
COFFEY BURLINGTON
Office in the Grove, Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
Tel:  305-858-2900
Fax:  305-858-5261
*Counsel for Plaintiff*


By:  s/Daniel F. Blonsky_____

5

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T:  305.858.2900   F:  305.858.5261
Email:  info@coffeyburlington.com   www.coffeyburlington.com