UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-22862-CIV-KING/BANDSTRA

GROUP USA, INC.,

    Plaintiff,
vs.

DOLPHIN MALL ASSOCIATES, LLC,
and THE TAUBMAN COMPANY, LLC,

    Defendants.
_____/

CASE NO. 10-22854-CIV-KING/BANDSTRA

DOLPHIN MALL ASSOCIATES, LLC,

    Plaintiff,
vs.

GROUP USA, INC.,

    Defendant.
_____/

**DOLPHIN MALL PARTIES' RESPONSE TO GROUP USA,
INC.'S STATEMENT OF FACTS AND CONSOLIDATED
<u>SUPPLEMENTAL STATEMENT OF UNDISPUTED MATERIAL FACTS</u>**

DOLPHIN MALL ASSOCIATES, LLC ("DMA") and THE TAUBMAN COMPANY, LLC ("Taubman") (collectively, "Dolphin Mall Parties"), by and through undersigned counsel and pursuant to S.D. Fla. L. R. 7.5, hereby submit the following response to the Statement of Undisputed Material Facts in Support of Group USA, Inc.'s Motion for Summary Judgment (D.E. #38) filed by GROUP USA, INC. ("Group USA"). As part of this response, Dolphin Mall

Parties also include their supplemental statement of material facts in support of the Cross-Motion for Summary Judgment that Dolphin Mall Parties are filing in conjunction with this response.

In this response, Dolphin Mall Parties follow the paragraph numbering used in Group USA's statement of material facts.

## Response to Group USA's Statement of Facts

1. Not disputed.

2. Not disputed.

3. Not disputed.

4. Not disputed.

5. Not disputed.

6. Not disputed.

7. Not disputed.

8. Not disputed.

9. Not disputed.

10. Not disputed.

11. Not disputed.

12. Not disputed, although Group USA's use of the term "landlord" to define jointly DMA and Taubman is incorrect and objectionable. As conceded by Group USA at paragraph 9 of its statement of facts, DMA is the landlord. Taubman is the managing agent for DMA and other landlords.

13. Not disputed.

14. Not disputed.

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

15. Not disputed, although Group USA's use of the term "renewal option" is incorrect. The provision provides for an extension option.

16. Disputed. It is not in the best interests of a landlord to negotiate an extension option provision because it gives control of the space to the tenant. To the extent that an extension option provision is negotiated, the length of the option period is a point of the specific negotiation and the landlord's objective varies on a case-by-case basis and depends on multiple variables. Deposition of Jerry Teitelbaum ("Teitelbaum Depo.") (D.E. #35-4) at 84:16-85:14; DMA's Interrogatory Responses (Ex. 15 to Deposition of David Weinert ["Weinert Depo."] [D.E. #35-37] at page 23.

17. Not disputed.

18. Not disputed.

19. Not disputed.

20. Not disputed that the 2010 market rental value of the space currently occupied by Group USA is at a minimum of $60 per square foot gross. Weinert Depo. (D.E. #35-5) at 22:19-22. As for the 2010 market rental value for any other space within Dolphin Mall, there has been no evidence submitted on that point, which is therefore disputed.

21. Not disputed.

22. Not disputed.

23. Not disputed.

24. Not disputed.

25. Not disputed.

26. Not disputed.

27. Not disputed.

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

28. Not disputed.

29. Not disputed that Joseph Rapacilo, Group USA's Vice President of Finance, was unaware on or before February 28, 2010 that the lease excerpt that he commissioned contained an incorrect lease commencement date that he negligently inserted. Not disputed that Mr. Rapacilo incorrectly assumed that Group USA exercised its extension option in 2007, notwithstanding the fact that the lease excerpt that he had commissioned does not reflect that the option had been exercised, and such information is typically included in a lease excerpt. Deposition of Joseph Rapacilo ("Rapacilo Depo.") at 90:16-91:12. Disputed that Group USA was unaware that the lease commencement date was March 1, 2001 or that the contractually negotiated deadline for it to exercise the extension option was February 28, 2010. Indeed, on October 10, 2007, **after** Mr. Rapacilo negligently inserted an incorrect lease commencement date in the lease excerpt document, Group USA provided a Tenant Estoppel Certificate to DMA accurately reflecting that "[t]he term of the Lease commenced on March 1, 2001" and that "[t]he original term of the Lease expires on February 28, 2011 and Tenant has two option(s) to renew the Lease." Ex. 4 to Rapacilo Depo. (D.E. #35-9).

30. Not disputed.

31. Not disputed that, as testified to by Jerry Teitelbaum, Dolphin Mall Parties do not know why Group USA did not timely exercise its extension option, but there was no testimony by Mr. Teitelbaum at the cited passages that Dolphin Mall Parties "didn't know why Group USA 'missed' the deadline." Teitelbaum Depo. at 34:15-17, 80:16-18.

32. Not disputed that Mr. Teitelbaum discovered in mid-June 2010 that Group USA had a lease expiration date coming up and determined that the extension option deadline had

4

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

passed, but there was no testimony that Mr. Teitelbaum "immediately" reviewed the lease summaries to make this determination, which is therefore disputed. *Id.* at 33:15-34:11.

33. Disputed. On June 17, 2010, Mr. Teitelbaum e-mailed Robert Kayes (an in-house counsel with Dolphin Mall Parties), and copied Jan McCann on the e-mail, requesting confirmation that Group USA had no remaining option rights under the terms of the lease. The chains of e-mails initiated by Mr. Teitelbaum were duly listed in the Dolphin Mall Parties' Privilege Log (Ex. 8 to Deposition of Jan McCann ["McCann Depo."] [D.E. #35-29]) and identified as being withheld from production due to the attorney-client privilege and the work-product doctrine. Group USA has never raised any question about the propriety of the Dolphin Mall Parties' invocation of privilege over the e-mail chains or requested their production.

34. Not disputed.

35. Not disputed.

36. Not disputed that the 2010 market rental value of the space currently occupied by Group USA is at a minimum of $60 per square foot gross and that annual rental payments for the space currently occupied by Group USA are anticipated to be from $1,200,000 to over $2,000,000. Weinert Depo. at 22:19-22. As for the 2010 market rental value for any other space within Dolphin Mall, there has been no evidence submitted on that point, which is therefore disputed.

37. Not disputed.

38. Not disputed.

39. Not disputed.

40. Not disputed.

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

41.     Disputed that Ms. McCann told Mr. Rapacilo that she "did not understand why [Group USA] did not renew the lease." Instead, Ms. McCann said something like "we wondered why we hadn't heard from you." McCann Depo. at 55:20-21. Not disputed as to the balance of paragraph 41.

42.     Not disputed.

43.     Not disputed.

44.     Not disputed.

45.     Not disputed.

46.     Not disputed.

47.     Not disputed.

48.     Not disputed.

49.     Not disputed that the Dolphin Mall store is the only Group USA store located in Miami. Disputed that, if the Court enforces the extension option deadline that was negotiated by the parties, Group USA will lose the reputation, goodwill, long-time customers and employees associated with Group USA's store at Dolphin Mall. Rather, one of Group USA's three most profitable stores is located nearby, at Sawgrass Mills Mall in Sunrise, Florida. Confidential Excerpt of Deposition of Joseph Rapacilo ("Rapacilo Confidential Depo.") (D.E. #35-2) at 7:3-11. Furthermore, Group USA communicated with eight other malls in Miami-Dade and Broward Counties between March 2010 (immediately after the extension option deadline had passed unexercised by Group USA, but before Group USA was notified by the Dolphin Mall Parties of the expiration of the option) and August 2010 seeking space for another Group USA store. Rapacilo Depo. at 135:4-12; Group USA's Interrogatory Responses (Ex. 5 to Rapacilo Depo. [D.E. #35-10] at pages 14-17. Accordingly, Group USA is more than capable of retaining

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

CASE NO. 10-22862-CIV-KING/BANDSTRA
CASE NO. 10-22854-CIV-KING/BANDSTRA

the reputation, goodwill, customers and employees associated with its store at Dolphin Mall should it desire to do so.

50. Disputed. The spreadsheet that Mr. Rapacilo prepared expressly for this litigation (Ex. 15 to Rapacilo Depo. [D.E. #35-20]) does not allocate corporate overhead among Group USA's approximately 25 stores, so that store-specific operating expenses are not included in the spreadsheet's misrepresentation of the Dolphin Mall store's net profitability. Rapacilo Confidential Depo. at 4:22-7:2.

51. Disputed. The conclusions drawn in Mr. Rapacilo's affidavit (D.E. #37-1) regarding potential future profits and losses are pure speculation and are not admissible evidence. His faulty conclusions are also contradicted by his failure to allocate corporate overhead among Group USA's approximately 25 stores. Rapacilo Confidential Depo. at 5:2-7:2. Additionally, after many years of consistent financial losses, Group USA had its first profitable fiscal year in recent times in the fiscal year ending January 2010 due to its decision to close some non-performing stores. Rapacilo Depo. at 136:7-137:7. If Group USA continues to close non-performing stores and open successful stores, it will be profitable. If not, it will continue to suffer the losses that it withstood during the prior eight years when it had a below-market lease at Dolphin Mall.

52. Disputed. See response to paragraph 51 above.

53. Not disputed.

54. Disputed. Exhibit A to Group USA's statement indicates that half of the 28 Dolphin Mall tenants with extension options (a tiny subset of the more than 200 total tenants – *see* Teitelbaum Depo. at 28:9) have notice provisions greater than eight months and half have notice provisions less than that length of time. Moreover, the document indicates that of the 17

7
COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

major or anchor tenants (greater than 20,000 square feet) with extension options, such as Group USA, ten have notice provisions greater than eight months, while only seven have notice provisions less than that length of time. Because the length of the option period is a point of the specific negotiation and the landlord's objective varies on a case-by-case basis and depends on multiple variables, there is no materiality to this information. *Id.* at 85:6-14.

## **Dolphin Mall Parties' Supplemental Statement of Undisputed Material Facts**

55. The extension option provisions of the lease are clear and unambiguous. Comments of the Court reflected in the Transcript from the September 21, 2010 Scheduling Conference (D.E. #31) at 3:13; 8:13-21.

56. Group USA concedes that the Dolphin Mall Parties are not responsible under the terms of the lease for providing notice of an upcoming extension option deadline. Rapacilo Depo. at 53:13-22; 54:15-55:9.

57. The Dolphin Mall Parties do not take upon themselves the responsibility to remind tenants about an upcoming extension option deadline. The Dolphin Mall Parties only do so if a tenant has specifically negotiated a lease provision that places such an obligation on the landlord. McCann Depo. at 37:1-12; 68:2-20.

58. Prior to July 6, 2010, Group USA had not communicated to the Dolphin Mall Parties in any fashion that it intended to exercise the extension option. Rapacilo Depo. at 63:24-64:3.

59. The Dolphin Mall Parties were unaware of Group USA's intentions regarding exercise of the extension option prior to July 6, 2010. Teitelbaum Depo. at 34:15-17; 44:5-11; 80:7-18.

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

60. When Group USA dispatched by certified mail on July 7, 2010 a letter purporting to exercise the extension option, the deadline set forth in the lease by which to do so before the option was rendered "null and void and of no further force or effect" had passed **129 days earlier**. DMA's Interrogatory Responses (Ex. 15 to Weinert Depo.) at page 16.

61. Group USA requested no information from the Dolphin Mall Parties about the extension options or the deadline to exercise the extension option. Rapacilo Depo. at 121:6-9.

62. Group USA had in its possession all the information it needed to determine what the extension option deadline was. Its purported "mistake" in failing to exercise the extension option before the deadline passed was unilateral and committed by Group USA without contribution from the Dolphin Mall Parties. *Id.* at 120:18-121:1.

63. Although Group USA claims that the October 2007 tenant estoppel certificate was never placed in its Dolphin Mall lease file, it produced from that same lease file another tenant estoppel certificate from July 2006 containing precisely the same information. *Id.* at 42:16-43:10; document Bates stamped Group USA000304.

64. DMA is unable to enter into a lease with a new tenant for the space currently occupied by Group USA because its position that it is entitled to exercise the extension option notwithstanding its failure to comply with the extension option deadline makes it impossible for DMA to commit to a delivery date for a new tenant. Teitelbaum Depo. at 63:16-19; Weinert Depo. at 27:25-28:3; DMA's Interrogatory Responses (Ex. 15 to Weinert Depo.) at page 8.

65. Group USA has been the lowest performing anchor or major tenant at Dolphin Mall. Prospective replacement tenants are expected to generate more business for Dolphin Mall and increase revenues for all tenants and for DMA. Teitelbaum Depo. at 75:3-8; DMA's Interrogatory Responses (Ex. 15 to Weinert Depo.) at page 17.

9

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

66. Group USA's current annual rent at Dolphin Mall is approximately $150,000 per year. Weinert Depo. at 23:12-14.

67. Group USA raises no claim that it is entitled to equitable relief because of any leasehold improvements or expenditures that it has made (to the extent there were any such improvements). Group USA Complaint (D.E. #1); Group USA Answer and Affirmative Defenses to DMA Complaint (D.E. #14, #35-8). Pursuant to the terms of the lease, any such improvements are the property of DMA at lease-end. (D.E. #35-8 at page 34 [§15.4 of the lease]).

    Respectfully submitted,

    Robert K. Burlington, Florida Bar No. 261882
    rburlington@coffeyburlington.com
    Daniel F. Blonsky, Florida Bar No. 972169
    dblonsky@coffeyburlington.com
    COFFEY BURLINGTON
    Office in the Grove, Penthouse
    2699 South Bayshore Drive
    Miami, Florida 33133
    Tel: 305-858-2900
    Fax: 305-858-5261
    *Counsel for Dolphin Mall Parties*

    By: s/Daniel F. Blonsky

10

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

CASE NO. 10-22862-CIV-KING/BANDSTRA
CASE NO. 10-22854-CIV-KING/BANDSTRA

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 14, 2010 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Mailing Information for Case no. 10-22862-CIV-King/Bandstra and Case no. 10-22854-CIV-King/Bandstra.  Counsel of record currently identified on the Mailing Information list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF.  Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. Mail.

*s/* Daniel Blonsky

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com